**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.; STATE OF HAWAII, ex rel.; KELLEY A. WOODRUFF, M.D., in her own behalf; ROBERT WILKINSON, M.D., in his own behalf, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> HAWAII PACIFIC HEALTH; KAPIOLANI MEDICAL CENTER FOR WOMEN AND CHILDREN; KAPIOLANI MEDICAL SPECIALISTS, <br><br> Defendants - Appellees. | No. 08-16436 <br><br> D.C. No. 1:05-cv-00521-JMS-LEK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 13, 2010
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Relators Kelley Woodruff, M.D., and Robert Wilkinson, M.D., filed this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729, et seq., against Hawaii Pacific Health, Kapi'olani Medical Center for Woman and Children, and Kapi'olani Medical Specialists ("HPH Entities"). Relators alleged that the HPH Entities (1) submitted false UB-92 forms and cost reports to Hawaii Medicaid; (2) falsely certified compliance with federal and state laws and regulations; and (3) committed promissory fraud to obtain participation in Hawaii Medicaid programs. The district court dismissed Relators' false certification and promissory fraud claims under Federal Rule of Civil Procedure 12(b)(6) and granted summary judgment as to Relators' remaining FCA claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review *de novo* the district court's decision to grant a motion to dismiss under Rule 12(b)(6). See Decker v. Advantage Fund Ltd., 362 F.3d 593, 595-96 (9th Cir. 2004). We also review *de novo* the district court's decision to grant summary judgment. See FTC v. Stefanchik, 559 F.3d 924, 927 (9th Cir. 2009). We review for abuse of discretion the district court's discovery rulings. See Childress v. Darby Lumber, Inc., 357 F.3d 1000, 1009 (9th Cir. 2004).

Relators cannot identify any specific statute or regulation, under either Hawaii or federal law, that would render false the UB-92 forms and related cost

reports submitted by the HPH Entities. As the district court determined, the undisputed evidence suggests that the nurses were properly licensed to perform the various procedures at issue, even in the absence of physician supervision. Relators' bare allegations to the contrary are insufficient to survive summary judgment. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (unsupported allegations are insufficient to defeat summary judgment). We also note that Relators do not address their allegation that the UB-92 forms are *facially* false in their opening brief. Thus, this argument has been waived. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."). Because Relators have failed to establish the existence of any false claim or fraudulent conduct, their claims under the FCA must fail. See Hendow v. Univ. of Phoenix, 461 F.3d 1166, 1171, 1174 (9th Cir. 2006) (holding an essential element of FCA liability is that there is an underlying false claim or fraudulent course of conduct).

Relators also claim the district court erred in referencing Medicare rather than Medicaid law. Relators do not identify any such confusion or reference and the district court's decision does not cite to Medicare law. This claim is without foundation.

3

The district court did not abuse its discretion in denying Relators' motion to compel the deposition testimony of Dr. Lynette Honbo. Contrary to Relators's arguments, Dr. Honbo's deposition testimony would not have cured the fatal defect in Relators' case: that Relators cannot identify any specific statute or regulation that the HPH Entities violated or that would render false the submitted UB-92 forms. See Laub v. U.S. Dept. of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (no abuse of discretion with respect to discovery rulings unless the party can "establish[] . . . a reasonable probability that the outcome would have been different had discovery been allowed"). Nor did the district court abuse its discretion in other discovery related rulings. Relators have not established that the admission of the HPH Entities' exhibits or the failure to produce electronic records was in any way prejudicial. See id.

**AFFIRMED**.